IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER MILLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0706-WS-B |
| | ) |
| VISIONARY HOME BUILDERS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 7). The parties have filed briefs and other materials in support of their respective positions, (Docs. 1, 6-8), and the issue is ripe for resolution.

Defendant American Safety Indemnity Company ("ASIC") removed this action based on diversity of citizenship. The complaint explicitly demands $663,207.04 from each of two defendants, so the amount-in-controversy requirement is satisfied. The Court turns to the existence vel non of complete diversity.

The plaintiffs are Alabama citizens. (Doc. 6, Exhibit A). ASIC is a citizen of Oklahoma and Georgia, (Doc. 1 at 1-2), but defendant Visionary Home Builders, Inc. ("Visionary") is a citizen of Alabama. (Doc. 1 at 1). Defendant Sun Coast Insurance ("Sun") is a sole proprietorship whose owner is an Alabama citizen, (Doc. 6, Exhibit B), which constitutes Sun an Alabama citizen as well.[1] At first blush, Visionary and Sun would appear to destroy complete diversity and preclude removal, but there is more to the story.

---

[1] *Amazing Grace Bed & Breakfast v. Blackmun*, 2009 WL 4730729 at *2 (S.D. Ala. 2009).

According to the complaint, the plaintiffs sued Visionary in state court and received a judgment in the amount of $663,207.04. The plaintiffs seek to recover that amount in this lawsuit, offering two theories of recovery.

First, in Counts One and Two the plaintiffs bring statutory claims under Alabama Code § 27-23-2 against ASIC and Sun. This statue provides that, after receiving a final judgment against an insured tortfeasor, "the judgment creditor shall be entitled to have the insurance money provided for in the [policy] applied to the satisfaction of the judgment." *Id*. Should payment not be forthcoming, "the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment." *Id*.

Second, in Counts Three and Four the plaintiffs sue as a third-party beneficiary of Visionary's contracts of insurance with ASIC and Sun.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "When a defendant has been fraudulently joined, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). As applicable here, the removing defendant must show "by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Id*.

A claim under Section 27-23-2 is authorized only against "the defendant and the insurer." The plaintiffs' claim for breach of contract likewise depends upon the existence of a contract of insurance between Visionary and Sun. (Complaint at 2, 7). The problem is that the certificate of insurance for the policy identified by the complaint – which is the only evidence the plaintiffs have of an insurance relationship between Visionary and Sun – on its face identifies Sun as the producer, not the insurer, and it names the insurer as Appalachian Underwriters. (Doc. 7, Exhibit A). This is clear and convincing evidence that

there is no possibility the plaintiffs can establish a cause of action against Sun. Because Sun was thus fraudulently joined, its citizenship must be ignored in determining the existence of diversity jurisdiction.

The complaint seeks no relief from Visionary; while Visionary is named as a defendant in the style of the complaint, the complaint explicitly and repeatedly limits its demand for relief to ASIC and Sun. (Doc. 1 at 4-7).

The Eleventh Circuit has recently ruled that, when a judgment creditor brings suit under Section 27-23-2 and seeks no relief against the insured judgment debtor, it is the duty of the federal court upon removal to realign the judgment debtor as a party plaintiff for purposes of determining whether complete diversity exists. *City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012). Visionary must therefore be re-aligned as a party plaintiff under Counts One and Two. Similar reasoning would appear to apply to the breach-of-contract claim, since this is but another effort to extract insurance proceeds, to Visionary's benefit. In the alternative, since the plaintiffs explicitly seek no relief against Visionary and explicitly charge only ASIC and Sun with breaching a contract, there is no possibility they can establish a claim for breach of contract against Visionary, which renders fraudulent the joinder of Visionary.

For the reasons set forth above, the plaintiffs' motion to remand is **denied**. Visionary is **realigned** as a party plaintiff. Because Sun has not moved to dismiss, it remains as a party defendant.

DONE and ORDERED this 15th day of January, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE